# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN MARK KEYS,<br><br>　　　　Defendant. | Case No. CR-12-032-RAW |

## ORDER

This matter came on for pretrial conference on September 20, 2012. At that hearing, the court heard argument from the Government and Defendant regarding the Government's motion to correct the Superseding Indictment [Docket No. 233]. The Government requests it be allowed to strike "Crack" from the introduction of Count Three and "base" from the description of the controlled substance identified in the body of Count Three. The Government states that deleting those words is a matter of form and will not broaden the possible bases for conviction beyond those presented to the grand jury.

The court may only amend an indictment as to matters of form, "such that the revised indictment states an offense and gives the defendant notice of the charges he must be prepared to meet." United States v. Cook, 745 F.2d 1311, 1316 (10th Cir. 1984). "An amendment of form and not of substance occurs when the defendant is not misled in any sense, is not subjected to any added burdens, and is not otherwise prejudiced." Id. "The substance of the charge is 'every fact which must be proved to make the act complained of a crime . . . and . . . all else . . . is formal.'"

Id.  "Prejudice to the defendant must be found before an amendment will be impermissible."  Id.

Defendant is charged in count three with a violation of 21 U.S.C. § 841(a)(1).  That statute states that it is unlawful for "any person to knowingly or intentionally . . . possess with intent to distribute, a controlled substance."  21 U.S.C. § 841(a)(1).  Defendant is not charged with any particular drug quantity.  "Proof of everything in the indictment is not required.  When the language of the indictment goes beyond alleging the elements of the offense, it is mere surplusage and such surplusage need not be proved."  United States v. Harper, 579 F.2d 1235, 1239 (10th Cir. 1978).

In this case, the requested amendment is merely a matter of form.  It is the correction of a scrivener's error to a portion of Count Three that does not change what the Government must prove.  Defendant has not been misled in any sense, is not subjected to any added burdens, and is not otherwise prejudiced.  The court also notes that in a similar case, the Fourth Circuit held that "the district court's deletion of the word 'base' was merely a matter of form and did not 'broaden[] the possible bases for conviction beyond those presented by the grand jury.'"  United States v. Johnson, 258 Fed.Appx. 510, 511 (4th Cir. 2007).

For these reasons as well as the reasons stated by the Government's in its motion and at the pretrial conference, the Government's motion to correct the Superseding Indictment [Docket No. 233] is hereby GRANTED.

Additionally, it is clear from the Government's responses to Defendant's first motion to compel the Government to retain and produce all drug evidence [Docket No. 222] and his motion to compel early compliance by the Government of Jencks Act and witness statements [Docket No. 224] that those motions are MOOT.  Of course, if they become an issue, Defendant may re-

urge those motions.  As to Defendant's motion to strict surplusage [Docket No. 223], that motion is hereby GRANTED in part and DENIED in part.  For the reasons stated in the Government's response to Defendant's motion, under "Overt Acts of the Conspiracy" in the Superseding Indictment, paragraph 3 will be stricken, but paragraphs 4, 7, 10, 11, 12, 13 and 14 shall remain.

It is so ORDERED this 2nd day of October, 2012.

**Dated this 2nd day of October, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma